**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Holding a Criminal Term

Grand Jury Sworn in on May 11, 2023

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. |
| v. | MAGISTRATE NO.   23-MJ-188 |
| | MAGISTRATE NO.   23-MJ-196 |
| JENNIFER ECHEVERRIA FLORES, | |
| EDWARD STEVEN MONGE, | VIOLATIONS: |
| | 21 U.S.C. § 846 |
| Defendants. | (Conspiracy to Distribute and Possess With Intent to Distribute More than Four Hundred Grams of Fentanyl) |
| | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(vi) |
| | (Unlawful Distribution of Forty Grams or More of Fentanyl) |
| | FORFEITURE: |
| | 21 U.S.C. §§ 853(a) and (p) |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

From on or about February 17, to August 3, 2023, within the District of Columbia and elsewhere, **JENNIFER ECHEVERRIA FLORES and EDWARD STEVEN MONGE**, did knowingly and willfully combine, conspire, confederate and agree together and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance and the amount of said mixture and substance was more than four hundred grams, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi).

**(Conspiracy to Distribute and Possess with Intent to Distribute More than Four Hundred Grams of Fentanyl**, in violation of Title 21, United States Code, Section 846)

## COUNT TWO

On or about May 2, 2023, within the District of Columbia, **JENNIFER ECHEVERRIA FLORES,** did unlawfully, knowingly, and intentionally distribute forty grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance.

(**Unlawful Distribution of Forty Grams or More of Fentanyl**, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B)(vi))

## FORFEITURE ALLEGATION

1. Upon conviction of either of the offenses alleged in Counts One and Two of this Indictment, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses. The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a) and (p))

A TRUE BILL:

FOREPERSON.

*Matthew M. Graves /DTH*
Attorney of the United States in
and for the District of Columbia.